**UNITED STATES of America,**
**Plaintiff,**

v.

**INTERNATIONAL BUSINESS MACHINES CORPORATION,**
**Defendant.**

**No. 69 Civ. 200 (DNE).**

United States District Court,
S. D. New York.

Feb. 25, 1975.

Raymond M. Carlson, Antitrust Division, U.S. Dept. of Justice, Washington, D. C., for plaintiff.

Paul M. Dodyk, Thomas D. Barr, Cravath, Swaine & Moore, New York City, for defendant.

## MEMORANDUM

EDELSTEIN, Chief Judge:

The parties in this civil antitrust action plan to serve subpoenas on certain non-parties. Though the parties acknowledge that neither has standing to object to the proposed subpoena of the other, they have conducted negotiations directed toward limiting the scope of the subpoenas in an effort to reduce the burdens which enforcement of these subpoenas might impose on all those concerned. These negotiations have been partially successful. By stipulation dated February 19, 1975, the parties have submitted to the court one aspect of their disagreement about the scope of the subpoenas, the question of the appropriate time span to be covered, and they have agreed to be bound by the court's decision. A copy of their stipulation is attached as Appendix A.

Under the circumstances present here, court intervention is not a customary procedure. However, in the hope of expediting this complex litigation, the court will rule on the narrow question of the appropriate date range (the only area in which the court can bind the parties) with recognition of the fact that its decision, while binding on the parties pursuant to their stipulation, will not preclude the recipients of the subpoenas from exercising their rights under the Federal Rules of Civil Procedure and will not resolve all the disagreements between the parties as to the scope of the subpoenas.

Plaintiff-United States' subpoena, which it proposes to serve on a group of financial institutions, covers a time period which extends from January 1, 1969 through December 31, 1973. Defendant contends that plaintiff should also seek documents for the years 1968 and 1974; it argues that the information contained in the documents for the years 1969–73 will present an inaccurate, distorted picture in the absence of data from 1968 and 1974.

The court is unpersuaded by defendant-IBM's argument. Asking the plaintiff to expand the scope of its subpoena will not reduce the burden which is inherent in this subpoena program. Additionally, while the court, pursuant to the stipulation of the parties, could direct the Government to obtain the additional information, it could not order the plaintiff to use that material in the presentation of its case. Thus, directing discovery for the years 1968 and 1974 will not necessarily meet the defendant's argument about the probative value of plaintiff's approach to the data in question here.

Defendant's proposed subpoena is addressed to a group of its competitors. The date range for the documents requested varies from paragraph to paragraph, the longest period being January 1, 1952 through December 31, 1974. The Government argues that IBM's demand should be limited to the years 1968–73, and it has proposed not to introduce evidence of defendant's actions subsequent to December 31, 1973. IBM responds that if discovery is limited to this period

its ability to defend itself at trial will be arbitrarily limited.

IBM argues that information for the period after 1973 is necessary to measure the impact of actions, complained of by the plaintiff, which took place between 1972 and the present. The court believes that, as a matter of sound policy, it should not preclude the defendant from obtaining the most current data which is practically available. Plaintiff's offer to abide by a cut-off date of December 31, 1973, does not convince the court that IBM should be denied access to relevant material of a later date. Therefore, IBM will be permitted to extend its discovery through 1974.

At a pretrial conference held on February 20, 1975, counsel for IBM advised the court that it could "live with" a date range extending back to 1960 instead of 1952. The court believes the 1960 date will eliminate some of the problems inherent in a date as distant as 1952 without compromising IBM's ability to conduct discovery with respect to practices and trends in the electronic data processing industry.

In accordance with the considerations outlined above, the Government may serve its subpoena in its proposed form. IBM is instructed to modify its subpoena so as to require documents for a period no earlier than January 1, 1960; with that modification, it may serve its subpoena as proposed.

## APPENDIX A

### STIPULATION

It is hereby stipulated and agreed between the parties that:

1. The parties plan to serve the subpoenas duces tecum attached as Appendices A and B to defendant's February 13, 1975, Memorandum Regarding Subpoenas to be Served on Non-Parties. There remains, after extensive negotiations between the parties looking to narrowing the scope and reducing the burden involved in compliance with these subpoenas, a difference between the parties as to the appropriate time span to be covered. With respect to this issue:

a. Plaintiff contends that the time span covered by both subpoenas should be January 1, 1969, to December 31, 1973; and

b. Defendant contends that the appropriate time span for plaintiff's subpoena should be January 1, 1968, to December 31, 1974, and the appropriate time span for defendant's subpoena should be as set forth on page 7 of defendant's February 13, 1975, Memorandum.

2. By their memoranda of February 13, 1975, the parties have submitted the issue of the appropriate time span to be covered by these subpoenas to the Court for decision and agree to abide by that decision.

February 19, 1975